UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JERRY JEROME WISE,<br><br>Defendant. | 4:20-CR-40104-02-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION TO SUPPRESS |

Defendant, Jerry Jerome Wise, and co-defendant, Damara CJ Needham, were charged in a superseding indictment with two counts of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Docket 36. Wise moves to suppress "[a]ll evidence seized during the search of the vehicle during the July 27, 2020, traffic stop[.]" Docket 82 at 1. Wise was a passenger and Needham was the driver at the time of the stop. Docket 103 at 3. Wise alleges that "law enforcement illegally prolonged the stop, in violation of the Fourth Amendment and Supreme Court precedent." Docket 82 at 1. The United States opposes Wise's motion to suppress. Docket 95. The court referred Wise's motion to Magistrate Judge Veronica Duffy under 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Duffy recommends that Wise's motion to suppress be denied. Docket 103 at 36. Wise filed objections to the Report and Recommendation. Docket 109. After a de novo review of the Report

and Recommendation and the record, the court adopts the Report and Recommendation and denies Wise's motion to suppress.

## LEGAL STANDARD

This court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Because motions to suppress evidence are considered dispositive matters, a magistrate judge's recommendation regarding such a motion is subject to de novo review. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980) (holding that dispositive motions under 28 U.S.C. § 636(b)(1) are subject to de novo review by the district court). In conducting a de novo review, this court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## FACTS

A complete recitation of the facts can be found in Magistrate Judge Duffy's Report and Recommendation. Docket 103. Wise does not object to the Report and Recommendation's statement of the facts, and the United States did not file any objections. The court has conducted a de novo review of the evidence and incorporates herein the facts as set forth in Magistrate Judge Duffy's Report and Recommendation.

2

## DISCUSSION

"A passenger may suppress evidence found in a vehicle when an unreasonably extended traffic stop causes the search." *United States v. Davis*, 943 F.3d 1129, 1132 (8th Cir. 2019) (citing *United States v. Peralez*, 526 F.3d 1115, 1121 (8th Cir. 2008)). The Report and Recommendation states, and Wise agrees, that whether he has standing to challenge the search as a passenger turns on whether the stop was unreasonably extended. Docket 103 at 19; Docket 109 at 7. The Magistrate Judge concluded that because the stop was not unreasonably extended, Wise does not have standing to challenge the stop and suppress evidence obtained from the stop and subsequent search. Docket 103 at 20-27. Wise objects to that conclusion and argues that because the stop was unreasonably extended, he has standing and the court should suppress evidence obtained from the search. Docket 109 at 7.

Wise does not dispute that the initial traffic stop for speeding in a construction zone was proper. Docket 103 at 17. Instead he argues that "tasks tied to writing citations for the traffic violation and impersonation offense reasonably could have been completed expeditiously[.]" Docket 109 at 8. Wise insists that the tasks tied to the initial stop and impersonation or false identification offense could have been completed shortly after 20:21:38 as indicated by Trooper Peterson's dashboard camera video. *See id.* at 6 (noting that 7 minutes and 30 seconds into the dash camera footage is "approximately between 20:21:27 and 20:21:38"); *see also* Docket 100 (video entered as exhibit 1 at the suppression hearing). And under *Rodriguez v. United States*, 575 U.S.

3

348 (2015), Wise argues that Trooper Peterson's actions after that point in time show that he unreasonably extended the stop. *See* Docket 109 at 6-8, 11.

In *Rodriguez*, a driver was stopped by law enforcement after he briefly swerved onto the shoulder of the road. 575 U.S. at 351. The driver readily produced for the officer his license, registration, and proof of insurance, and the officer issued a written warning to the driver. *Id.* at 351-52. But although the officer had "got[ten] all the reasons for the stop out of the way," he did not consider the car's occupants "free to leave." *Id.* at 352. The officer then walked his drug dog around the vehicle over the driver's objection. *Id.* The drug dog alerted on the vehicle and a large quantity of methamphetamine was found. *Id.* The driver was charged with possession with intent to distribute a controlled substance and he moved to suppress the evidence arguing that the stop had been unreasonably extended. *Id.* The district court denied the driver's motion and the Eighth Circuit affirmed. *Id.* at 353.

On appeal, the Supreme Court reiterated that an officer's mission during a traffic stop typically includes "such inquiries [as] checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance." *Id.* at 355. But the Court also noted that "the Fourth Amendment tolerate[s] certain unrelated investigations" if they do not "lengthen the roadside detention." *Id.* at 354 (citations omitted). "An officer, in other words, may conduct certain unrelated checks during an otherwise lawful traffic stop. But . . . he may not do so in a way that prolongs the stop, absent the reasonable suspicion

ordinarily demanded to justify detaining an individual." *Id.* at 355. The Court concluded that "if an officer can complete traffic-based inquiries expeditiously, then that is the amount of time reasonably required to complete the stop's mission." *Id.* at 357 (cleaned up). The Supreme Court remanded the case for the Eighth Circuit to review the district court's determination that reasonable suspicion did not exist to extend the stop. *Id.* at 353, 357-58.

While the Supreme Court's analysis in *Rodriguez* is relevant here, the facts are distinguishable. In *Rodriguez*, the driver readily produced his license and vehicle information allowing the officer to promptly check the driver's information and issue a warning. *Id.* at 351-52. Here, the driver of the vehicle, Needham, initially provided Trooper Peterson with an identification card that indicated she was "not eligible" for a license, and she provided a rental agreement for a different vehicle than the one she was driving. Docket 103 at 5, 7. And Needham's repeated insistence that her license was in fact valid caused Trooper Peterson to make multiple attempts to verify, using his computer, the information Needham provided. *Id.* at 6, 8-9. Trooper Peterson also accompanied Needham from his patrol vehicle to her vehicle two times during the stop to retrieve documents that she insisted would corroborate her license and rental agreement. *Id.* at 8, 10. Thus, the time it took Trooper Peterson to complete the tasks tied to the initial stop was prolonged by Needham's inability to produce the documentation needed to complete those tasks and her insistence that she would ultimately be able to do so.

Beyond the factual distinctions, *Rodriguez* is also distinguishable based on when law enforcement extended the stop. In *Rodriguez*, the officer initiated a drug investigation after he had completed the tasks associated with the initial traffic stop, and he did so without reasonable suspicion. 575 U.S. at 352. But here, it was Trooper Peterson's observation of a glass jar "consistent with dispensary type marijuana" in Needham's vehicle that, when considered along with her route and demeanor, gave him reasonable suspicion to extend the stop. Docket 103 at 21; Docket 101 at 27, 31-32. At that point—about 20:29:49 on the video—Trooper Peterson had not determined whether Needham had a valid license, and he had not seen a valid rental agreement for her vehicle. *See* Docket 103 at 10. Trooper Peterson saw the glass jar when he and Needham approached her vehicle to allow Needham to retrieve the rental agreement while Trooper Peterson checked the VIN number. *Id.* at 10-11. Thus, Trooper Peterson was in the middle of completing the tasks tied to the initial traffic stop when reasonable suspicion of criminal activity arose allowing him to extend the stop.

Wise argues that "by [20:21:38] in the traffic video, Trooper Peterson had already built his case and had the information required to complete the speeding violation and impersonation offense." Docket 109 at 8. This argument overstates Trooper Peterson's certainty at that point in the stop, and it misstates the information provided by Needham. By that time, Trooper Peterson "believed Ms. Needham *may have* given him a false driver's license number to deceive him," but Needham insisted that Trooper Peterson was

6

mistaken, the license number was correct, and she could corroborate it. Docket 103 at 7 (emphasis added). As a result, Trooper Peterson continued the stop in order to complete the tasks related to the initial stop and to investigate Needham's possible use of a false identification. *Id.* at 7-10. The fact that Trooper Peterson heeded Needham's defenses and permitted Needham to produce what she claimed were corroborating documents shows that he was diligent in inaccurately completing the tasks tied to the stop, not that he was dilatory. Trooper Peterson may not have completed those tasks as expeditiously as Wise would prefer, but that is not the test. The court finds that Trooper Peterson took the time reasonably required to complete the stop. *See Rodriguez*, 575 U.S. at 357. Thus, the stop was not unreasonably extended, and Wise does not have standing to challenge the search.

## CONCLUSION

Because Wise does not have standing to challenge the search, it is

ORDERED that the report and recommendation (Docket 103) is adopted in full, Wise's objection (Docket 109) is overruled, and Wise's motion to suppress (Docket 82) is denied.

Dated April 8, 2022.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE